22-6132
Li v. Garland

BIA
Sponzo, IJ
A208 018 079

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand twenty-four.

PRESENT:
> **JOSÉ A. CABRANES,**
> **RAYMOND J. LOHIER, JR.,**
> **SARAH A. L. MERRIAM,**
> > *Circuit Judges.*

_____

**DANFENG LI,**
> *Petitioner*,

> v.                                                                 **22-6132-ag**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

FOR PETITIONER:                    Mike P. Gao, Law Offices of Mike P. Gao, P.C., Flushing, NY.

FOR RESPONDENT:     Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Linda Y. Cheng, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Danfeng Li, a native and citizen of the People's Republic of China, seeks review of a February 22, 2022, decision of the BIA affirming an April 30, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Danfeng Li,* No. A 208 018 079 (B.I.A. Feb. 22, 2022), *aff'g* No. A 208 018 079 (Immig. Ct. N.Y. City Apr. 30, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA affirmed the IJ's decision without opinion, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings for substantial evidence, and "[w]e review the agency's legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Li does not dispute the agency's finding that she did not suffer past persecution. Accordingly, to establish eligibility for asylum, she was required to demonstrate a "well-

founded fear of future persecution." 8 C.F.R. § 1208.13(b); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To satisfy that burden, an applicant must show either a "reasonable possibility" that "she would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *see also In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (To establish "a pattern or practice of persecution," an applicant must show persecution that is "systemic or pervasive."). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (citation and quotation marks omitted). Persecution "encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but it "does not encompass mere harassment," which is defined as conduct "that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (citations and quotation marks omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,'" which "must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341).

Here, Li has shown that the authorities in China are aware of her religious beliefs and her former involvement in an underground church. Police raided her church in 2006, and since then have periodically visited her family home and instructed her family to tell her to report because she was suspected of illegal religious activity. The last of these visits

3

was shortly before her hearing. But it does not necessarily follow that Li is at risk of future harm rising to the level of persecution, and the record does not compel the conclusion that she made such a showing. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (The likelihood of a future event occurring is a finding of fact.); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Li has not shown that the church members who were present during the raid were seriously harmed.[1] Nor did she explain what happened to a church friend who was present at the raid but escaped. And she did not testify that the police who visited her home made any threats about what would happen to her if she did not comply with their orders. As to her ongoing religious practice, Li did not testify that the Chinese government would learn of her activities abroad, that the church she previously attended in China still existed, or that she would continue practicing her religion in that or another unsanctioned church. *See Hongsheng Leng*, 528 F.3d at 143 ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities."). Absent a specific threat or evidence about what happened to Li's fellow church members, the agency reasonably concluded that Li failed to demonstrate a reasonable possibility of future harm rising to the level of persecution.

---

[1] There is evidence that some church members present during the raid were arrested—Li's uncle provided a statement that Li told him that people were arrested—but no evidence establishing the duration of their detention or describing their treatment during or after the raid.

4

In addition, the IJ explicitly stated that she considered the country conditions evidence and acknowledged that it contained evidence of mistreatment of members of unregistered churches. The evidence reflects some instances of harassment, arrests, and physical abuse of Christians in China. However, it also reflects that there are tens of millions of Protestants in China (estimates vary between 23 and 90 million), only about 20 million are affiliated with a state-sanctioned church, and state policy permits groups of family and friends to meet at home for worship and Bible study without registering with the government. While other religious activities, such as proselytizing, are more strictly regulated, Li never testified that she had proselytized or planned to proselytize. Moreover, the country conditions reports in the record indicate that regulations vary by province, and they do not include evidence of widespread abuses of Protestant church members in Li's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169–70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality); *see also Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (concluding that applicant failed to demonstrate a well-founded fear of persecution because "the treatment of Christians in China varies by locality" and the applicant did not provide evidence of persecution in his home province of Fujian). Under the circumstances, a more detailed discussion of this evidence from the agency was not required. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (explaining that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," so long as it "has given reasoned consideration to the petition,

and made adequate findings" (citation and quotation marks omitted)). We do not consider any additional evidence cited in Li's brief that was not presented to the agency. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

The record did not contain evidence that: (a) any specific threat was made against Li; (b) members of Li's church experienced serious harm; or (c) Christians who attend underground churches in Li's home province suffer systemic and pervasive persecution. We therefore conclude that the agency did not err in concluding that Li failed to establish a reasonable possibility that she would be persecuted if she returned to China. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Jian Xing Huang*, 421 F.3d at 129; *Jian Liang*, 10 F.4th at 117. That finding was dispositive because Li's failure to establish a well-founded fear for asylum means that she "necessarily" failed to meet the higher burdens for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6